IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL VORE,<br><br>Plaintiff,<br><br>v.<br><br>GIRLS INCORPORATED OF OMAHA, CITY OF OMAHA, and CORVEL CORPORATION<br><br>Defendants. | CASE NO.: _____<br><br>COMPLAINT AND JURY DEMAND |

## INTRODUCTION

This case has been brought by Michael Vore ("Vore") following injuries suffered when a candlestick traffic cone struck him in Douglas County, Nebraska on July 27, 2022. The injuries sustained by Vore were caused by the negligent acts of an employee of Defendant Girls Incorporated of Omaha ("Girls, Inc."). On this date, Girls, Inc.'s employee was operating a 2014 Chevy Collins bus and hit a "candlestick" traffic cone, causing it to strike Plaintiff. At the time he was struck, Vore was in the process of finishing concrete as part of his employment with the City of Omaha. The City of Omaha, either individually or through its insurer, has paid workers compensation benefits to Vore and is named as a party to this action pursuant to Neb. Rev. Stat. §48-118, et seq.

## PARTIES

1. Plaintiff Michael Vore is a citizen of Iowa.

2. Plaintiff Michael Vore presently resides in Pottawattamie County, Iowa.

3. Defendant Girls Incorporated of Omaha is a Nebraska corporation with its principal place of business located at 2811 N. 46th St., Omaha, NE 68104.

4. The registered owner of the 2014 Chevy Collins bus involved in the July 27, 2022 crash is Defendant Girls Incorporated of Omaha.

5. At the time of the accident, Michael Vore was employed by the City of Omaha.

6. The City of Omaha is a citizen of Nebraska for purposes of determining diversity jurisdiction.

7. At all relevant times, the City of Omaha carried workers' compensation insurance coverage through CorVel Corporation.

8. CorVel Corporation has paid workers' compensation benefits to and on behalf of Michael Vore.

## VENUE

9. Plaintiff hereby incorporates paragraphs 1 through 8 of this Complaint as if fully restated herein.

10. The event that gives rise to this Complaint took place on July 27, 2022, in Douglas County, Nebraska.

11. Venue is proper pursuant to 28 U.S.C.A. §1391 because a substantial part of the events and omissions giving rise to the claim occurred in the District of Nebraska

## JURISDICTION

12. Plaintiff hereby incorporates paragraphs 1 through 11 of this Complaint as if fully restated herein.

13. This court has personal jurisdiction over Defendants because the events giving rise to this cause of action occurred in Douglas County, Nebraska.

14. Defendant caused tortious injury by an act or omission in Nebraska and has and maintains relation with Nebraska sufficient to afford a basis for the exercise of personal jurisdiction consistent with the United States Constitution.

15. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C.A. §1332.

16. Diversity of citizenship is present between the parties.

17. The amount in controversy substantially exceeds seventy-five thousand dollars, exclusive of interest and costs.

18. This Court has subject matter jurisdiction over the parties.

19. This Court has personal jurisdiction over the parties.

## STATEMENT OF FACTS

20. Plaintiff hereby incorporates paragraphs 1 through 19 of this Complaint as if fully restated herein.

21. On July 27, 2022, Vore was working as a construction worker for the City of Omaha.

22. On July 27, 2022, at about 10:46 a.m., Vore was in the process of finishing cement near the intersection of 72nd and Drexel Street.

23. The City of Omaha crew working at or near the intersection of 72nd and Drexel Street placed warning barrels, cones, and an arrow board to warn traffic of the lane closure.

24. The warning barrels, cones, and arrow board placed by the City of Omaha construction crew were meant to direct traffic away from the construction site so that traffic could proceed northbound on 72nd street without impeding the construction project.

25. The warning barrels, cones, and arrow board placed by the City of Omaha construction crew were placed for the safety of the workers who were employed with the City of Omaha.

26. At about 10:46 a.m. an employee for Defendant Girls Inc. was operating a 2014 Chevy Collins northbound on 72nd street and Drexel.

27. At that time, the employee for Defendant Girls Inc. failed to heed the warning barrels, cones, and arrow board placed on 72nd street and struck a candlestick traffic cone.

28. The candlestick traffic cone that was struck by Defendant's employee went airborne and struck Plaintiff while he was attempting to finish concrete in the scope of his employment with the City of Omaha.

29. The force of the impact from the traffic cone caused Vore to be knocked approximately four feet away into wet cement.

30. After striking the candlestick traffic cone, the Girls Inc. employee drove away and did not check on the status of Vore.

31. Vore suffered significant injuries as a direct result of being struck by the traffic cone, including but not limited to:

    a. Low back pain

    b. Bilateral leg pain

    c. Loss of strength in his extremities

    d. Chronic Tingling in his lower extremities

    e. Chronic paresthesia

    f. Degenerative disc disease

    g. Lumbar stenosis

    h. Bulging lumbar discs

    i. Connective tissue and disc stenosis

32. Plaintiff continues to treat for his injuries.

33. Plaintiff has and will continue to experience severe physical pain as a result of Defendant's negligence.

34. Plaintiff has and will continue to experience severe mental suffering as a result of Defendant's negligence.

35. Plaintiff has and will continue to experience loss of enjoyment of his life as a result of Defendant's negligence.

## CAUSE OF ACTION – NEGLIGENCE OF GIRLS, INC. THROUGH DOCTRINE OF RESPONDEAT SUPERIOR

36. Plaintiff hereby incorporates paragraphs 1 through 35 of this Complaint as if fully restated herein.

37. Upon information and belief, the driver of Defendant's 2014 Chevy Collins bus was operating such as an employee, agent, and/or servant of Defendant Girls Inc.

38. Defendant's employee, agent, and/or servant owed Plaintiff a duty to maintain a proper look out while operating Defendant's vehicle.

39. Defendant's employee, agent, and/or servant owed Plaintiff a duty to keep Defendant's vehicle under reasonable control.

40. Defendant's employee, agent, and/or servant owed Plaintiff a duty to operate Defendant's vehicle within the limits of his/her control.

41. Defendant's employee, agent, and/or servant owed Plaintiff a duty to maintain a proper lookout when driving Defendant's bus in the course of his/her employment.

42. Defendant's employee, agent, and/or servant owed Plaintiff a duty to use due care when operating Defendant's bus.

43. Defendant's employee, agent, and/or servant breached her/his duty to Plaintiff in the following manner:

    a. Failing to maintain a proper lookout.

    b. Failing to control Defendant's vehicle.

    c. Failing to adhere to the rules of the road.

    d. Failing to maintain his/her lane.

    e. By failing to act as a reasonably careful driver in the same situation would have acted.

    f. By failing to heed warning signs and traffic cones.

44. As a direct and proximate result of Defendant's employee, agent, and/or servant's breach of duties, Defendant's employee, agent, and/or servant caused Plaintiff to sustain serious and significant injuries.

45. Upon information and belief, Defendant's employee, agent, and/or servant was operating the 2014 Chevy Collins within the course and scope of his/her employment with Girls Inc. at the time of the

46. Defendant Girls Inc. is vicariously liable for the negligence, carelessness, and recklessness of its employee, agent, and/or servant and is responsible for all injuries and damages described more fully herein under the doctrine of *respondeat superior*.

47. The negligence of Defendant's employee, agent, and/or servant is imputed to Defendant Girls Inc. under the doctrine of *respondeat superior*.

## DAMAGES

48. Plaintiff hereby incorporates paragraphs 1 through 47 of this Complaint as if fully restated herein.

49. As a result of the above, Plaintiff has incurred, and will incur in the future:

    a. Medical expenses to treat injuries sustained.

    b. Medical mileage to seek medical treatment.

    c. Loss of income and loss of earning power.

    d. Physical pain and mental suffering.

    e. Loss of enjoyment of life.

    f. Past and future humiliation.

    g. Past and future inconvenience.

50. Plaintiff seeks to recover damages against Defendant Girls Inc. in an amount to be proven at trial.

## CITY OF OMAHA AND CORVEL CORPORATION SUBROGATION INTEREST

51. Corvel Corporation, on behalf of its insured, City of Omaha, has paid workers' compensation benefits pursuant to the Nebraska Workers' Compensation Act, and will continue to pay and incur costs as a result of Defendant's negligence.

52. Corvel Corporation has a subrogation interest pursuant to Neb. Rev. Stat. §48-118, et seq.

## JURY DEMAND

53. Plaintiff demands a trial by jury.

DATED: August 9, 2023

          Michael Vore, Plaintiff.

By: _____
Alberto P. Hernandez Jr. #26521
Justin High #23354
High & Younes
6919 Dodge Street
Omaha, Nebraska 68132
Ph:     402-933-3345
Fax:    402-933-3020
Email: aj@hyattorneys.com
Email: justin@hyattorneys.com
*Attorneys for Plaintiff*