IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL VORE,<br><br>                Plaintiff,<br><br>vs.<br><br>GIRLS INCORPORATED OF OMAHA, CITY OF OMAHA, and CORVEL CORPORATION,<br><br>                Defendants. | 8:23CV352<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Michael Vore's Motion in Limine (Filing No. 104), Girls Inc.'s Motions in Limine (Filing No. 106), and Girls Inc.'s Motion to Strike (Filing No. 112). This is a personal injury case set for a jury trial on July 22, 2025. The Parties' Motions in Limine are granted in part and denied in part.

## BACKGROUND

This is a personal injury case in which a truck hit a traffic cone and that cone hit a person. An employee of Girls Inc. drove the truck that hit the cone. The cone hit Vore, who was performing maintenance on the road, knocking him into a patch of concrete.

Back in April, after two years of litigation, Girls Inc. admitted liability. Now, the only issue for the jury is damages. The Court will discuss any other pertinent background when discussing specific motions in limine.

## LEGAL STANDARD

A motion in limine allows a court to resolve evidentiary questions prior to trial, thereby streamlining trial proceedings, and pruning out "evidentiary submissions that clearly ought not be presented to the jury because they would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

1

However, a district court need not resolve all evidentiary questions on a motion in limine because "some evidentiary submissions . . . cannot be evaluated accurately or sufficiently by the trial judge" and should "defer[] ruling on matters . . . until the issue [can] be determined in a more concrete setting." *Id.*

The Court's analysis is framed by a few general principles. Fed. R. Evid. 401 provides that "evidence is relevant if it has any tendency to make a fact more or likely than it would be without the evidence; and the fact is of consequence in determining the action." Irrelevant evidence may not be admitted. Fed. R. Evid. 402. Fed. R. Evid. 403 permits the Court to exclude otherwise "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Unfair prejudice means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional one." *Walker v. Kane*, 885 F.3d 535, 540 (8th Cir. 2018).

## DISCUSSION

**A. Vore's Motion to Exclude Evidence of Prior Convictions.**

Vore moves to exclude evidence of three prior drug convictions from 2011, 1990, and 1984 as irrelevant and unfairly prejudicial. Filing No. 104; *see* Fed. R. Evid. 404(b) (barring the use of a prior criminal conviction as propensity evidence). Girls Inc. agrees Vore's convictions are irrelevant to the categories of damages at issue here and does not intend to use these convictions for impeachment purposes. Filing No. 122 at 1; *See* Fed. R. Evid. 609 (allowing the introduction of felony convictions to impeach a witness's character for truthfulness under some circumstances).

Girls Inc. indicates it may want to use the prior convictions if Vore attempts to introduce evidence of his future earning capacity. Filing No. 122 at 2. Basically, it would use his criminal history to argue his future earning capacity is lower than a person of the same age, education, and career background without a felony conviction. *Id.* So, it argues the prior convictions would be admissible as relevant non-propensity evidence consistent with Fed. R. Evid. 401 and 404(b)(2). The Court need not decide whether this hypothetical testimony is admissible. Vore's did not ask for damages related to lost future earning capacity in his complaint, his experts did not opine in it, the Parties did not list it as an issue in the final pretrial order, the Court will not instruct the jury on it, and Vore reiterated he does not intend to present evidence on it in his reply brief. Filing No. 122 at 2; Filing No. 135 at 2-4. If Vore's damages theory metamorphosizes at trial, Girls Inc. is free to reraise the issue.

Based on the agreement of the Parties, Vore's motion is granted. The Parties cannot discuss or introduce evidence about Vore's criminal history at trial.

**B. Girls Inc.'s Motions in Limine**

Girls Inc. originally filed twenty-seven motions in limine. Filing No. 106. In response to an order by the Court, it narrowed the twenty-seven to five. Filing No. 119. The Court addresses those five and expresses no view on the others.

**1. Motion to strike or exclude expert testimony regarding a head injury.**

Girls Inc. moves to exclude evidence related to: (1) a traumatic brain injury Vore suffered during the accident, and (2) chronic migraines and headaches Vore experienced after the accident. Filing No. 113 at 2. Vore did not list "mild traumatic brain injury" in his list of injuries the final pretrial order. See Filing No. 118. Based on this omission, Girls Inc.

3

moves to exclude head injury testimony. In response, Vore asserts that the omission of minor TBI from his list of injuries was an oversight. Filing No. 123 at 4. Moreover, these topics were contained in Vore's medical records, identified in his interrogatories, disclosed in his expert reports, discussed in his expert depositions, and responded to by Girls Inc.'s experts. Filing No. 123-1 at 3 (expert disclosures); Filing No. 124-2 at 3 (interrogatories); Filing No. 123-3 at 11 (medical records); Filing No. 124-5 (deposition). Indeed, Vore has designated the portions of relevant portion of his expert deposition and Girls Inc.'s responsive expert is on their witness list. *See* Filing No. 130 (designation); Filing No. 118 at 4 (witness list).

"The pretrial order measures the dimensions of a lawsuit." *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1335 (8th Cir. 1985) (citation modified). NECivR. 16.2(a)(2)(C) required the Parties to submit a proposed pretrial order in which they list "all remaining legal issues to be determined, setting out in detail each element of the genuinely controverted unresolved claim or defense." Also, the Parties had to identify "any claimed special damages or permanent injuries." *Id.* "Once formulated, pretrial orders should not be changed lightly, but total inflexibility is undesirable." Fed. R. Civ. P. 16, Advisory Committee Notes (1983 Amendment to subdivision (e)). Fed. R. Civ. P. 16 provides "[t]he court may modify the order issued after the final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Along with manifest injustice, the party asking to modify the pretrial order must show "there is no substantial injury or prejudice to the opponent." *Hale*, 756 F.2d at 1335.

Here, assuming the mild TBI evidence needed to be listed in the final pretrial order,[1] the Court finds modification is proper.

*Prejudice to Girls Inc.* First, Girls Inc. has not shown any prejudice. This is a minor category of damages testimony, taking up ten pages of deposition testimony. Filing No. 130. It is not a new theory of recovery or affirmative defense. *Contrast Klingenberg v. Vulcan Ladder USA, LLC*, 936 F.3d 824, 830-31 (8th Cir. 2019) (collecting cases involving affirmative defenses and finding statute of limitations defense waived); *In re Control Date Corp. Sec. Litig.*, 933 F.2d 616, 621-22 (8th Cir. 1991) (new theory of liability). Vore disclosed this category of damages throughout the litigation and already designated the applicable portion of his expert's deposition. Girls Inc. was able to prepare rebuttal testimony and listed that expert on its witness list. Thus, Girls Inc. is aware of the exact testimony Vore is going to offer and is prepared to rebut it. Moreover, any confusion created by the pretrial order was assuaged days later when Girls Inc. learned the omission was an error. Under these circumstances, Girls Inc. has not shown *any* injury or prejudice, let alone "substantial injury or prejudice." *Hale*, 756 F.2d at 1335.

*Manifest injustice to Vore.* Not modifying the pretrial order would result in a manifest injustice by excluding evidence based on a procedural gotcha that could have been avoided by cooperation by the Parties. Omitting the mild TBI was an inadvertent mistake, not a considered strategic choice. Vore owned up to the error quickly after being put on notice by Girls Inc.'s motion in limine. Moreover, at the time Girls Inc. filed this motion, the Parties had not participated in their final pretrial conference and had the chance to edit the contents of the final pretrial order. The professional thing to do upon

---

[1] Specifically, Vore's witness opined the mild TBI created a lifelong deficit in cognitive functioning – arguably constituting a "permanent injury" under NECivR. 16.2(a)(2)(C). *See* Filing No. 124-5 at 22:16-20.

noticing that a category of damages that had been litigated for two years was missing from the draft pretrial order, would be to raise the issue with Vore's counsel and make the necessary edits.[2] That would have nipped this issue in the bud. Instead, Girls Inc. filed this motion. The Court will not participate in this sharp practice which would a windfall for failing cooperate with opposing counsel. Doing so would amount to manifest injustice – especially when Girls Inc. cannot show any prejudice.

Vore's failure to include mild TBI in the final pretrial order was an honest mistake and Girls Inc. has not shown any prejudice from its presentation at trial. So, Girls Inc.'s motion to strike is denied. The pretrial order is considered modified to include "mild TBI" in the list of permeant injuries. The Parties need not submit a revised order.

### 2. Motion to exclude evidence of injuries not identified in the final pretrial order.

Girls Inc.'s second motion in limine seeks to exclude the same minor TBI evidence based on the same legal theory discussed *supra* Section B.2. The Court denies the motion for the same reasons.

### 3. Motion to exclude reference to "loss of enjoyment of life, humiliation, or inconvenience" as a separate compensable category of damages.

Girls Inc. moves to exclude any argument based on "loss of enjoyment of life, humiliation, or inconvenience" as a separately compensable forms of damages. *See* Filing No. 107 at 3. In support, Girls Inc. points to the pattern jury instruction for damages (NJI2d Civ. 4.01), which omits these categories. *Id.* Vore agrees, under Nebraska law,

---

[2] The Court notes that counsel also had trouble cooperating in the preparation of the pretrial order – submitting multiple deficient draft orders and wasting the Magistrate Judge's time and resources. The Court hopes the Parties will cooperate and ensure a smooth trial.

damages related to loss of enjoyment of life are subsumed within the broader category of pain and suffering. See Filing No. 123 at 5; *Anderson v. Neb. Dep't of Social Servs.*, 538 N.W.2d 732, 740 (Neb. 1995). But, he argues, humiliation and inconvenience appear in the definition of non-economic damages in Nebraska's comparative negligence statute and there is no principled basis to not apply it to a non-comparative negligence case. Filing No. 123 at 5-6. This dispute appears to be more a dispute over the jury instructions and verdict form than a true motion in limine. Specifically, the Court presumes the Parties will tailor their cases to the final jury instructions. The Court can better address whether specific evidence, or argument stays from the jury instructions in the context of a timely objection at trial. So, Girls Inc.'s motion is denied as premature.

### 4. Motion to exclude expert opinions that are beyond the scope of the records reviewed.

Girls Inc. moves to exclude "[a]ny evidence, testimony, or opinion provided by an expert outside the scope of their treatment and records." Filing No. 107 at 4. Girls Inc. does not identify any specific testimony from Vore's experts that exceeds the scope of the treatment records. Vore does not dispute the general principle but asserts this issue is better addressed in the context of specific trial testimony. The Court agrees. It makes more sense to take up this issue when it crystalizes in the form of a specific expert conclusion associated with a specific portion of the underlying medical records. So, Girls Inc.'s motion is denied as premature.

**5. Motion to exclude reference to the timing of Girls Inc.'s admission of liability.**

Girls Inc. moves to exclude reference to the timing of its admission of liability as more prejudicial than probative. Filing No. 107; Fed. R. Evid. 403. Specifically, Girls Inc. admitted liability after two years of litigation. Vore counters that this evidence may be relevant based on unspecified events that may occur at trial. Filing No. 123 at 7-8. The Court is not convinced. The timeline of this litigation has no bearing on what injuries Vore suffered in the accident, his credibility as a witness, or the sufficiency of the medical testimony. And, introducing evidence that Girls Inc. admitted liability late in the game would risk a jury verdict that punishes Girls Inc. for a perceived failure to timely own up for its mistake. This issue is exacerbated by the average juror's lack of familiarity with the ebb and flow of litigation. What is important is that Girls Inc. admitted the liability, not the timing of that admission. This prejudice substantially outweighs the non-existent probative value. So, Girls Inc.'s motion is granted, and the Parties cannot introduce evidence or discuss the timing of Girls Inc.'s admission of liability.

## CONCLUSION

For the above reasons, IT IS ORDERED:

1. Vore's Motion in Limine Motion in Limine (Filing No. 104) is granted.

2. Girls Inc.'s Motion to Strike (Filing No. 112) is denied. The pretrial order is modified to include "mild TBI" in the list of permeant injuries.

3. Girls Inc.'s Motions in Limine (Filing No. 106) are granted in part and denied in part. Girls Inc.'s second motion is denied, its third and fourth motions are denied as premature, and its fifth motion is granted.

Dated this 16th day of July, 2025.

          BY THE COURT:

          <u>s/ Joseph F. Bataillon</u>
          Senior United States District Judge